CITED IN *Metler* v. *E. & A. R. R. Co.*, 8 *Vr.* 226.

---

## LILLBURN HARWOOD ads. GEORGE HILDRETH.

If to a money bond, with a warrant of attorney to confess judgment thereon, an agreement or condition is appended under seal, that it is subject to the conditions of another agreement between the parties, judgment by confession cannot be entered thereon. The court or justice cannot inquire if the conditions of the agreement have been complied with. The only remedy for the obligee is by action on his bond.

---

This was a motion made to set aside a judgment entered by confession at chambers upon a bond and warrant of attorney to confess judgment. The facts sufficiently appear in the opinion of the court.

Argued before POTTS and HAINES, Justices, by *Vroom*, for motion, and *C. S. Green*, contra.

POTTS, J. Lillburn Harwood made and executed a bond to George Hildreth, bearing date the 3d day of December, 1850, in the penal sum of $18,400, conditioned for the payment of $9200 in one year from and after the said last mentioned date, with interest. At the foot of the bond is the following writing: "*The above bond is subject to the conditions of an agreement between the parties of the same date.*—GEORGE HILDRETH, [Seal]."

Accompanying this bond and writing, appended was a warrant of attorney to confess judgment for the sum of $9200, signed and sealed by Harwood.

On this bond and warrant of attorney, judgment was entered up, on the 21st day of October, 1852, for the sum men-

tioned in the warrant; and the defendant now moves to set this judgment aside, a rule to show cause having been entered for that purpose at the last term of this court, with leave to take affidavits.

I take the bond and the agreement to be parts of the same transaction. They are both contracts under seal and of equal solemnity. They appear both to have been executed at the same time. They relate to the same subject matter. The manifest object of the writing at the foot of the bond is to show that the payment of the money mentioned in the bond is subject to, dependent on, or liable to be varied by other conditions than those which appear in the bond itself. True, the warrant of attorney, given by the obligor to confess judgment for the amount mentioned in the condition of the bond, is absolute; but still, when the attorney appears before the proper authority to confess the judgment, he is bound by the statute to produce the bond, as well as the warrant, in order that it may appear that the money is due according to the condition of the bond; and the moment the bond is produced it appears that there is an outstanding collateral contract of equal solemnity controlling its conditions. Can this be disregarded? Can it be treated as a nullity? To say it may be so treated is to say that a party in possession of a warrant to confess judgment may do so in the face of his own covenant not to do so, appended by reference, to the bond itself. If this principle is inadmissible, then is the judge before whom the judgment is sought to be entered up to call for the collateral agreement, subject to the conditions of which the bond appears to have been given? Suppose he does so, and it turns out, as in this case it does turn out, that the parties, the obligor and obligee, have covenanted with each other, that in case certain insurances are effected on the property which is the security for the payment of the debt, the money is not to be due at the time mentioned in the bond, and it is alleged on one side, and denied on the other, that such insurances as are contemplated have been effected. Here is an issue of fact. How is this to be tried? By the judge? The act gives him no such power. The act contemplates an *ex parte* proceeding, in a case, where upon the face of the pa-

pers produced there can be no question, no issue of fact raised, no defence. It seems to me there are serious difficulties in the way of this proceeding, in every aspect in which it can be viewed.

It is true this is a *bond* for the payment of money only, and accompanied by a warrant to confess judgment; and the language of the statute is, that the obligee, &c., may, at any time *" after the day of payment mentioned in said bond,"* apply to a justice of the Supreme Court, &c., and confess judgment, &c. But the question here is, whether the obligee can stand upon the *letter* of his bond, *against his own covenant appended to it,* that the day of payment shall *not* depend wholly upon the condition of the bond, but upon other circumstances. It is said he may, and that the obligee, if wronged, has his redress upon the covenant broken. And this may be so if the collateral covenant do not appear on the face of the proceedings. But where it does so appear, I think it is going very far to say that the obligee should be permitted to break his covenant, and a judicial officer be called on to aid him in doing so with his eyes open, on the ground that a remedy by action lies for the breach.

In *Hatton* v. *Young,* 2 *W. Blackstone* 943, a judgment was entered up on a bond and warrant of attorney to confess judgment; and, on motion to set aside the judgment, it appeared that the plaintiff, on a distinct paper, dated the same day as the bond and warrant, but not under seal, had engaged not to enter up judgment or take out execution until a specified day, *unless for sufficient cause.* The judgment was entered at an earlier day; and the court said, " no *sufficient cause* is alleged for this proceeding. It is contrary to good faith and the plaintiff's express undertaking. The judgment cannot be supported." And C. J. Holt, in an anonymous case in 1 *Salkeld* 400, said, " where a judgment is confessed upon *terms,* it being in effect but a conditional judgment, the court will lay their hands upon it, and see the terms performed." The principle of these cases goes so far as to show that courts will hold parties to their agreements in proceedings of this nature, as well as in other transactions. And in *Allen* ads.

*Coxe*, 2 *Halst.* 89, it was expressly held that "no man can re-cover against his own covenant."

In an action brought by the plaintiff upon this bond, the de-fendant would, no doubt, be at liberty to set up this collateral agreement under seal for the conditional extension of the time of payment, and to show, if he could, that the conditions had been complied with on his part. That fact, if denied, would be a question for the jury, and the result would depend upon how the jury found the fact to be; but this is not a question for either the justice before whom the judgment was confessed or for this court to decide, and I do not see, therefore, how this judg-ment can be sustained. I think the only course we can take is to set aside the judgment, and leave the plaintiff to his action.

HAINES, J., concurred.